WALTERS, J.
The railway company filed its petition in the probate court of Pike county, Ohio, to condemn certain lands of the defendants through which it proposed to build its railroad. In its petition it alleged that it “is a corporation duly organized under the laws of the state of Kentucky,” and that “it is authorized as well by the laws of the state of Kentucky, and by its charter fully granted to it by the state of Ohio,' as by the laws of the state of Ohio, to appropriate lands under the statutes of the state of Ohio.”
These allegations were, denied by the defendants, and it was necessary for it to prove these facts by a preponderance of the evidence. The laws of a foreign state must be proven as any other fact in the case. There is no evidence in this case showing that it was authorized by the laws of the state of Kentucky, authorizing its incorporation and organization and that it has complied with these laws, and that the power of eminent domain has been conferred upon it by the laws of the state of Kentucky.
“The laws of another state, where they come in question in the courts of this state, must be pleaded and proven as mat-tei's of fact. ’ ’ Williams v. Finley, 40 Ohio St. 342.
No attempt was made to prove these laws, and this was error.
The burden of proof is upon the railway company to prove that it has a de jure organization, and that its stockholders and directors are Iona fide stockholders and directors in their own right.
In Bowers v. Hazelton & L. Ry. 33 Ohio St. 429, the court held:
*63 “It is essential to the exercise of the right of eminent domain for the company to prove that it has fully organized by the election of directors, and that they are unable to agree with the owner of the property upon the compensation to be paid therefor. ’ ’
In this ease, at page 432, the court says:
“The condemnation of land for the construction of the road comes within the powers to be exercised by the corporation through its directors. It was therefore incumbent on the company to show, in addition to the fact of its incorporation, that it had brought itself into a condition to exercise its powers for the construction.of the road, by a full organization in the election of directors.”
In Queen City Telephone Co. v. Cincinnati, 73 Ohio St. 64, 77 [76 N. E. 392], the court said:
“In Powers v. Railway, 33 Ohio St. 429, it is held that it is essential to a judgment of condemnation in an appropriation proceeding that the company should prove its corporate existence, and among other things show that it has fully organized by the election of directors.
“Proof of the existence of the corporation and of its right to make the appropriation is also now required by Section 6420 Revised Statutes, and the determination by the court of those questions favorable to the company is made jurisdictional.”
It is contended that the filing of articles of incorporation was conclusive evidence of the existence and incorporation of the corporation, but the court, at page 360 of the ease last cited, following State v. Insurance Co. 49 Ohio St. 440 [31 N. E. 658; 16 L. R. A. 611; 34 Am. St. 573], holds that:
“The making and filing for the purpose of profit of articles of incorporation in the office of the Secretary of State do not make an incorporated company; such articles are simply authority to do so.”
In Cincinnati v. Telephone Co. 15 Dec. 43, 53 (2 N. S. 349, 361), the court says:
“The organizing of a corporation is the election of officers by the stockholders. All lawyers use the word ‘organizing’ in this sense. * * * To obtain a charter and to certify that *64 ten per cent of the stock is subscribed are only the first steps towards forming a corporation. At such a state of its existence a corporation can not be said to be organized, and the term is not so used in the reports.”
This decision was affirmed by both the circuit and Supreme Courts, Queen City Tel. Co. v. Cincinnati, 27 O. C. C. 385 (5 N. S. 411), and Queen City Tel. Co. v. Cincinnati, 73 Ohio St. 64.
In American Ball Bearing Co. v. Adams, 222 Fed. 967, Mr. Justice Clarke delivering the opinion of the court held:
“Whether or not an organization is a valid corporation is to be determined by the statutes and decisions of the state where it is organized. ’ ’
In State v. Insurance Co. supra, it is said:
“The making and filing of articles of incorporation in the office of the secretary of state do not make an incorporated company; such articles are simply authority to do so. No company exists within the meaning of the statute until the requisite stock has been subscribed and paid in, and the directors chosen.”
In the case at bar it was necessary for the railway company to prove by the statutes and decisions of the state where it was organized that it is organized as á valid corporation. All these preliminary steps must be strictly pursued and proven.
Parkside Cemetery Assn. v. Traction Co. 93 Ohio St. 161 [112 N. E. 596], syllabus 1, 2 and 3.
“1. The right of eminent domain belongs to the sovereign power, and statutes delegating authority to exercise it must be strictly construed. When it is sought to take the property of an individual under statutes granting such authority to corporations, subject to conditions specifically set forth, the protection of the constitutional guaranty of the right of private property requires that the powers granted by the legislature be strictly pursued and all of the prescribed conditions be performed.
“2. In a proceeding by a railroad company to appropriate land for its use, it is incumbent on the company to prove its incorporation according to law, including the due and legal election of directors, its right to make the appropriation, its inability to agree with the owners and the necessity for the appropriation. By the provisions of Sec. 11046 G-. C., the determina- *65 t:on by the court of those questions favorably to the company is made jurisdictional.
“3. The statutory requirements provided by- Sec. 8632 et seq. G. C., for the creation of a corporation are mandatory and must be complied with before the corporation can be in existence.
Certain extracts from a book referred to as the “Plaintiff’s Corporate Minute Book” were offered in evidence. The book was not identified by any witness who made it, or who was the official secretary, or who had official possession of it. The extracts were incompetent evidence.
305-106 O. L. 347: This section, as amended, does not excuse the company from showing that it is a foreign corporation or from showing the preliminary steps which shall be taken.
The fact that a demand was made to produce certain books and papers containing evidence relating to the merits of the action and defense does not estop the Bargers from objecting to their introduction. The object of the production of books and papers is that the party demanding them may have an opportunity of inspecting them.
The Bargers are not estopped by having given an option on the land because they never received any benefit thereunder and the said contract was abrogated before any benefits were received by them, and therefore no injury was done the railway company.
The railway company must prove by a preponderance of the evidence, in order to acquire jurisdiction to exercise the right of eminent domain, before the probate court on the preliminary hearing:
1st. That it was duly incorporated under the laws of the state where such incorporation was had when the hearing is had in a state other than that of its incorporation, and it must be proven as any other fact in the case.
2d. It must prove that its stockholders are real stockholders in good faith.
3d. That it has organized a board of directors, and that said board has organized.
4th. That it is a de jure corporation.
*66 5th. That it has attempted to agree with the owner of the land as to the compensation and damages, and has failed to do so.
6th. That it was necessary to appropriate the land for the uses and for railroad purposes.
7th. That the road’s directory has declared that it is necessary for the purposes of the road.
8th. That the power of eminent domain has been conferred upon it by the Kentucky laws.
For the errors indicated the judgment of the court below is reversed, and the cause remanded to the probate court for further proceedings according to this opinion and according to law.
Sayre and Allread, JJ., concur.